CUTRER, Judge.
The defendant, James Morris, was charged by grand jury indictment with the *1390 crime of aggravated rape, a violation of LSA-R.S. 14:42. To this charge the defendant initially entered a plea of not guilty. However, subsequent to jury selection and immediately prior to the beginning of his trial, the defendant was allowed to enter a plea of guilty to the lesser and responsive crime of forcible rape (LSA-R.S. 14:42.1). A pre-sentence investigation and a psychological evaluation of the defendant were ordered by the trial judge, and the record reflects that each was carefully considered by the trial judge before he imposed a sentence of twenty years at hard labor, the first two years of which were to be served without the benefit of parole or probation.
The defendant, age sixteen at the time of the offense’s occurrence on December 8, 1982, filed one assignment of error, alleging that the sentence imposed was excessive.[1] However, as neither brief nor argument has been presented to this court in support of defendant’s claim of exces-siveness, this assignment has been abandoned upon appeal. State v. West, 419 So.2d 868 (La.1982). We are, therefore, limited to a review for errors patent on the face of the record. LSA-C.Cr.P. art. 920(2). Having conducted this review, we find no such errors and, accordingly, we affirm the defendant’s conviction and sentence.
AFFIRMED.

. The crime of forcible rape to which the defendant pled guilty carries a penalty of, not less than two years nor more than, forty years at hard labor. At least two years of the sentence imposed shall be without benefit of parole, probation or suspension of sentence. Aggravated rape, the crime which defendant was initially charged is punishable by a mandatory penalty of life imprisonment at hard labor without benefit of probation, parole or suspension of sentence.